UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| CONTITECH USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MCLAUGHLIN FREIGHT SERVICES, INC., and DAN MCLAUGHLIN, individually <br><br> Defendants. | CASE NO.: _____ <br><br> **COMPLAINT** |

COMES NOW Plaintiff, ContiTech USA, Inc., by and through its undersigned counsel, and for its Complaint against Defendants, McLaughlin Freight Services, Inc. and Dan McLaughlin, individually, states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, ContiTech USA, Inc. ("ContiTech"), is a foreign corporation incorporated in Delaware with its principal place of business in Ohio. For jurisdiction purposes, ContiTech is deemed to be a resident and citizen of Delaware and Ohio.

2. Defendant, McLaughlin Freight Services, Inc. ("McLaughlin Freight") is a domestic corporation incorporated in the state of Iowa with its principal place of business in Mediapolis, Des Moines County, Iowa. For jurisdiction purposes, McLaughlin Freight is deemed to be a resident and citizen of Iowa.

3. Defendant Dan McLaughlin ("McLaughlin") is the President of McLaughlin Freight and on information and belief is a resident of the state of Iowa.

4. This Court has subject matter jurisdiction over all claims asserted in this case under 28 U.S.C. § 1332 based on diversity of citizenship, as the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over McLaughlin Freight and McLaughlin because they are residents and citizens of Iowa.

6. A substantial part of the events giving rise to these claims occurred in ContiTech's facility in Mount Pleasant, Henry County, Iowa and McLaughlin Freight's facility in Mediapolis, Des Moines County, Iowa.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendants are deemed to be residents of this district for venue purposes and a substantial part of the events giving rise to the claims occurred in this district.

## FACTS COMMON TO ALL COUNTS

8. ContiTech is a manufacturer of products made of rubber and plastics and provides industrial products to companies across North America.

9. McLaughlin Freight is a trucking company and McLaughlin is its founder and president.

10. ContiTech utilized DSV Road Inc. ("DSV") as a third-party administrator to coordinate shipping with and payment to trucking companies on behalf of ContiTech.

11. In order to get paid, a trucking company sends an invoice to DSV after completing a trip and ContiTech sends DSV a bill of lading. DSV then compares and matches the invoices and bills of lading and pays the trucking company a pre-negotiated rate. If no match is found, DSV investigates further to determine the source of the discrepancy and the proper payment.

12. ContiTech used McLaughlin Freight for its Mount Pleasant facility.

13. ContiTech often has products that need to be picked up in Lincoln, Nebraska, and shipped to Mount Pleasant, Iowa, and used McLaughlin Freight for many of these deliveries/shipments. McLaughlin was paid a one-way rate for these deliveries/shipments.

14. Sometimes, however, if there were not enough trucks available in the Lincoln area already, ContiTech would ask McLaughlin Freight to dispatch an empty truck from Mount Pleasant to pick up goods in Lincoln and ship them back to Mount Pleasant, for which ContiTech agreed to pay a round-trip rate ("Special Shipments"). Special Shipments usually happened on weekends.

15. Unlike the normal process where DSV coordinated shipments for ContiTech, DSV did not coordinate the Special Shipments. The ContiTech Mount Pleasant facility coordinated the Special Shipments directly with McLaughlin Freight.

16. After obtaining prior approval for the round-trip rate for a Special Shipment and completing the delivery, McLaughlin Freight would email Dan Cook, the Plant Scheduler at ContiTech ("Cook"), and Cook would reply via email memorializing the approval. McLaughlin Freight would then submit that approval email to DSV with the invoice, and DSV would match the email and invoice to the bill of lading it received from ContiTech and, assuming a proper match, pay McLaughlin Freight a round-trip rate using the normal process.

17. However, ContiTech and DSV recently discovered that McLaughlin Freight submitted hundreds of falsified emails purportedly containing ContiTech's approval for round-trip rates for Special Shipments that in fact ContiTech never approved.

18. McLaughlin Freight's scheme worked like this: McLaughlin Freight, usually McLaughlin himself, would take a legitimate email from Cook approving a Special Shipment,

doctor it to refer to multiple other trips that ContiTech never approved at the round-trip rate, and submit it to DSV for payment at the round-trip rate.

19. One example of this ongoing scheme is attached as Exhibit 1, which consists of 22 pages. The first page is an email string taken from Cook's computer between McLaughlin and Cook dated August 20-21, 2019, with the subject line "Re: Rounder Week 8/12/19" (pictured below).

```
From:       Cook, Dan <Dan.Cook@continental.com>
Sent:       Wednesday, August 21, 2019 5:08 AM
To:         Dan McLaughlin
Subject:    RE: Rounder Week 08/12/19
```

approved

**THANKS.**

Dan Cook
Plant Scheduler

Continental Division ContiTech
400 North Goodyear RD |Mount Pleasant, Iowa 52641
Dan.Cook@continental.com
319-385-0903

```
From: Dan McLaughlin <dan@mclaughlinfreight.com>
Sent: Tuesday, August 20, 2019 4:07 PM
To: Cook, Dan (uia78435) <Dan.Cook@continental.com>
Subject: Rounder Week 08/12/19
```

Dan ,    Please approve Rounder

Lincoln ,NE

Mon:

Tues:

Weds:

Thurs:

Fri:

Sat:
29

SUN:

Thanks, have a good day.. Dan

*Dan McLaughlin*
McLaughlin Freight Services, Inc.
604 Main Street, Box 700
Mediapolis, IA 52637
Phone: 319-394-9263

4

At 4:07 pm, August 20, McLaughlin emailed Cook to "Please approve Rounder Lincoln, NE" for "Sat: 59." The reference to "Sat: 59" is load 59 (identified on the bill of lading) for Saturday, August 17, 2019. Cook responds at 5:08 am on August 21, 2019, with "approved." The next 3 pages (CONTI002-4) are the Invoice, Bill of Lading, and approval email which McLaughlin Freight submitted to DSV for payment of a round-trip rate, and for which McLaughlin Freight was paid the $1,365.25 invoice amount. These 4 pages contain accurate, legitimate paperwork for an approved Special Shipment.

20. The next eighteen pages of Exhibit 1, however, involve six fabricated emails and invoices from McLaughlin Freight seeking payment for six round-trip rates that were not approved and did not occur, using a doctored version of the above approval email from Cook. For example, McLaughlin Freight submitted the next three pages (CONTI005-7) to DSV for payment for Load 57 on August 16, 2019. CONTI005 is an Invoice dated 8/16/2019 for $1,365.25. CONTI006 is a Bill of Lading of same date, for "Load #57" (bottom left of page). CONTNI007 is the <u>same August 20-21 email string</u> as above (CONTI004), altered to "Fri: 57" as the requested round trip (denoting Load 57 on Friday, August 16, 2019). Note the send time from McLaughlin is the same, August 20, 2019, 4:07 pm, and the response time from Cook is the same, August 21, 2019, 5:08 am. The typed messages from each are identical, down to the spacing and capitalizing (pictured below).

> From: Cook, Dan <Dan.Cook@continental.com>
> Sent: Wednesday, August 21, 2019 5:08 AM
> To: Dan McLaughlin <dan@mclaughlinfreight.com>
> Subject: RE: Rounder Week 08/12/19
>
> approved
>
> THANKS,
>
> Dan Cook
> Plant Scheduler
>
> Continental Division ContiTech
> 400 North Goodyear RD | Mount Pleasant, Iowa 52641
> Dan.Cook@continental.com
> 319-385-6963
>
>
> From: Dan McLaughlin <dan@mclaughlinfreight.com>
> Sent: Tuesday, August 20, 2019 4:07 PM
> To: Cook, Dan (uia78435) <Dan.Cook@continental.com>
> Subject: Rounder Week 08/12/19
>
> Dan,    Please approve Rounder
>
> Lincoln , NE
>
> Mon:
>
> Tues:
>
> Weds:
>
> Thurs:
>
> Fri:
> 57
> Sat:
>
> Sun:
>
> Thanks, have a good day.. Dan
>
> *Dan McLaughlin*
> McLaughlin Freight Services, Inc.
> 604 Main Street, Box 700
> Mediapolis, IA 52637
> Phone: 319-394-9263
> Fax: 319-394-9553

1

  21. The next fifteen pages of Exhibit 1 contain the same exact pattern: five more requested round trip reimbursements with an Invoice, Bill of Lading and the <u>identical email string</u> between McLaughlin (all dated August 20, 2019 at 4:07 pm) and Cook (all dated August

21, 2019 at 5:08 am), with the same identical message as the original email string for Load 59 altered to reference a different Load number.

22. Therefore, in Exhibit 1 alone, McLaughlin took one email approving one legitimate round-trip payment and fabricated six additional round-trip payment requests that were never requested or approved by ContiTech.

23. ContiTech and DSV discovered the Defendants' fraudulent scheme in or about October 2019.

24. ContiTech has determined McLaughlin Freight submitted more than 700 falsified emails and invoices to DSV for payment – and for which McLaughlin Freight was paid an estimated $485,733.65.

25. Upon the discovery of McLaughlin Freight's scheme, ContiTech ceased working with and paying McLaughlin Freight until the veracity of the invoices could be determined. ContiTech believes it still owes McLaughlin Freight approximately $257,445.57 for properly invoiced services.  ContiTech, therefore, is seeking net damages of approximately $228,288.08.

## COUNT I: FRAUD

26. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

27. The Defendants doctored and falsified documents that were submitted for payment of round-trip rates.

28. These falsified documents were material to the decision to approve and remit payment to McLaughlin Freight.

29. The Defendants presented the falsified emails and documents, knowing they were false, with the intent to deceive and induce approval of a higher payment than was actually owed to McLaughlin Freight.

30. There was justifiable reliance on these falsified documents to approve and remit payments to McLaughlin Freight.

31. Defendants deceived and were successful in inducing the approval and remittance of payments based on the falsified documents it created and submitted.

32. ContiTech suffered damages as a result of Defendants' fraudulent misrepresentations.

33. Defendants' conduct was malicious and constitutes willful and wanton disregard for the rights of ContiTech.

WHEREFORE Plaintiff ContiTech USA, Inc. respectfully asks this Court to enter judgment in its favor and against Defendants McLaughlin Freight Services, Inc. and Dan McLaughlin, individually, on the claim for Fraud, including compensatory damages, punitive damages, reasonable attorney fees, the costs of this action, and pre- and post-judgment interest at the highest rate available under the law, and for such other and further relief as this Court may deem just and proper.

## COUNT II: BREACH OF CONTRACT

34. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

35. ContiTech and McLaughlin Freight entered into a contract for trucking and shipping services.

36. This contract was legal and enforceable.

37. McLaughlin Freight breached this contract by overcharging ContiTech for trucking services it never performed and/or that were never approved.

38. McLaughlin Freight's material breach of the contract has caused ContiTech to incur monetary damages.

39. McLaughlin Freight's breach constitutes an intentional tort, was done maliciously, and amounts to willful and wanton disregard for the rights of ContiTech.

WHEREFORE Plaintiff ContiTech USA, Inc. respectfully asks this Court to enter judgment in its favor and against Defendant McLaughlin Freight Services, Inc. on the claim for Breach of Contract, including compensatory damages, punitive damages, reasonable attorney fees, the costs of this action, and pre- and post-judgment interest at the highest rate available under the law, and for such other and further relief as this Court may deem just and proper.

### COUNT III: UNJUST ENRICHMENT

40. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

41. ContiTech conferred a benefit on McLaughlin Freight by remitting payment for services McLaughlin Freight never performed.

42. McLaughlin Freight was enriched by the payments it received from ContiTech.

43. It would be unjust to allow McLaughlin Freight to retain the value and benefit of the payments received.

44. McLaughlin Freight's conduct was malicious and constitutes willful and wanton disregard for the rights of ContiTech.

WHEREFORE, Plaintiff ContiTech USA, Inc. respectfully asks this Court to enter judgment in its favor and against Defendant McLaughlin Freight Services, Inc. on the claim for

Unjust Enrichment, including compensatory damages, punitive damages, reasonable attorney fees, the costs of this action, and pre- and post-judgment interest at the highest rate available under the law, and for such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

*/s/ Michael A. Dee*
Michael A. Dee, AT0002043
Ingrid M. Johnson, AT0013728
BROWN, WINICK, GRAVES, GROSS
AND BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone:  (515) 242-2400
Facsimile:   (515) 242-2488
E-mail:  michael.dee@brownwinick.com
E-mail:  ingrid.johnson@brownwinick.com

**ATTORNEYS FOR PLAINTIFF
CONTITECH USA INC.**